## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KTG HOSPITALITY, LLC, d/b/a WALL STREET GRILL,<br><br>Defendant. | CIVIL ACTION NO. 1:24-CV-7376 |

### <u>CONSENT DECREE</u>

Plaintiff the United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant KTG Hospitality, LLC, d/b/a Wall Street Grill ("Wall Street Grill" or "Defendant"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Specifically, the EEOC alleged that Defendant discriminated against Charging Party Alina Cuetlatch by subjecting her to a hostile work environment based on sex and constructively terminating her employment by maintaining working conditions that were so intolerable that she was compelled to resign. Defendant has denied the allegations and averred there were no violations of law.

The EEOC and Defendant (collectively, the "Parties") have agreed that this action should be resolved by entry of this Consent Decree ("Decree"). The Parties, therefore, hereby stipulate and consent to the entry of this Decree as final and binding on the Parties, including Defendant's successors and assigns, and any other entity with which Defendant may merge or consolidate.

The Parties have agreed this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED, AND DECREED that:

**A.    GENERAL PROVISIONS**

1.    This Decree is final and binding on the Parties and resolves the claims alleged in the EEOC's Complaint in this case, which arose from EEOC Charge No. 520-2022-07501.  This Decree does not resolve any other charge of discrimination pending before the EEOC, if any, or any charge that may be filed in the future.

2.    The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper, and that all administrative prerequisites have been met.

3.    By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness, and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court, unless otherwise specifically provided for herein.

4.    No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement action upon breach of any term of this Decree. Breach of any term of this Decree shall be deemed to be a material, substantive breach of this Decree.  The Court will retain jurisdiction over any such enforcement proceeding initiated during the duration of this Decree.  Nothing in this Decree will be construed to preclude the EEOC from

bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises or representations herein.  This Decree will be construed by this Court under applicable federal law.

5.      If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties: the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable.

6.      The terms of this Decree represent the full and complete agreement of the Parties.

7.      Defendant agrees to pay all costs and expenses relating to compliance with the obligations set forth in this Decree.

**B.      DEFINITIONS**

8.      "Defendant" means Defendant KTG Hospitality, LLC, d/b/a Wall Street Grill, its officers, managers, agents (including counsel), and any entities in active concert with it.

9.      "Day" or "days" mean calendar days and includes weekends and holidays.

10.      "Charging Party" means Ms. Alina Cuetlatch.

11.      "EEOC" means Plaintiff the United States Equal Employment Opportunity Commission.

12.      "Effective Date" means the date this Decree is approved and entered by the Court.

13.      "HR Vendor" means the entity or agent engaged to oversee Defendant's compliance with the provisions of this Decree, as discussed in Section I, below.

C.    **DURATION AND EXECUTION**

14.    The duration of the Decree shall be for a period of three (3) years immediately following the Court's entry of this Decree.

15.    If the EEOC notifies Defendant in writing not less than thirty (30) days before the expiration of this Decree that Defendant is not in compliance with any of its terms, this Decree will not expire while any dispute resolution process pursuant to Section Q is ongoing.  Similarly, the duration of this Decree will be tolled while any enforcement action concerning the Decree is pending.

16.    Each signatory to this Decree represents that he or she is fully authorized to execute this Decree and to bind the parties on whose behalf he or she signs.  By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree, and agrees to be bound by the terms of this Decree.

D.    **INJUNCTIVE RELIEF**

17.    Defendant is enjoined from creating, maintaining, encouraging, condoning, and/or failing to prevent or correct harassment because of sex, in violation of Title VII.

18.    Defendant is enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful by Title VII or other federal antidiscrimination statute enforced by the EEOC.  Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with Defendant; because such person files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with investigating employment discrimination complaints or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII.

19.     Defendant shall not retaliate in any manner against any individuals identified as witnesses or as someone who assisted in the investigation giving rise to this action.

**E.     MONETARY RELIEF.**

20.     Within three (3) days of the Effective Date of this Decree, the EEOC will provide Defendant with documents necessary to process the payment discussed in Paragraph 21 which may include, but is not limited to, IRS W-4 and/or W-9 forms, as well as the address where the payments and other documents referenced in this Section shall be delivered.

21.     Within fourteen (14) days of the receipt of the information from the EEOC referenced in Paragraph 20 of this Section, Defendant shall issue a check payable to the Charging Party in the amount of $45,000.00, representing compensatory damages.  Defendant shall issue an IRS Form 1099 contemporaneously with the check.

22.     The check issued pursuant to this Section shall be sent to the Charging Party via trackable method of delivery such as a national courier, overnight mail, or certified mail (proof of delivery requested).

23.     The check referenced in this Section shall be delivered to the Charging Party no later than the twenty-second (22nd) day following the Effective Date and Defendant, through its selected agent, shall obtain proof of personal delivery by tracking information, which shall also be provided to the EEOC.

24.     A photocopy of the check and any tax documents issued pursuant to this Section and any related correspondence shall also be sent to the EEOC via email to cara.chomski@eeoc.gov and consentdecreemonitor@eeoc.gov and by Regular U.S. mail to Consent Decree Monitor, U.S. EEOC, 33 Whitehall Street, 5th Floor, New York, NY 10004 at the same time the documents are sent to the Charging Party.

25.    The total of the payments set forth in this Section is a debt owed to and collectible by the United States Government, for the benefit of the Charging Party.

26.    Failure to make payments as described in this Section is a material breach of this agreement and is exempted from the dispute resolution procedure described in Section Q below.

27.    If Defendant fails to tender the payment described in this Section, Defendant will pay interest on the defaulted payment(s) at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs and expenses incurred by Defendant's non-compliance or delay including, but not limited to, those costs relating to court intervention and collection.  No interest shall begin to accrue until five (days) from a written notice of default from the EEOC.

## F.    POSTINGS AND NOTICES

28.    Within seven (7) days of the Effective Date of this Decree, Defendant will post EEOC's most recently issued "Know Your Rights-Workplace Discrimination is Illegal" poster in conspicuous places where employee notices are posted, including electronic spaces, and Defendant will ensure copies are posted in English and in Spanish. If a Poster becomes defaced or illegible, Defendant will replace it with a clean copy.

29.    Within seven (7) days of the Effective Date of this Decree, Defendant will sign and conspicuously post a Notice to Employees drafted by the EEOC and attached hereto as Attachment A. Defendant will post copies of the Notice on all employee bulletin boards and in all employee break rooms in both English and Spanish. The Notice to Employees will remain posted in the manner described in this Paragraph for the full duration of the Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.

30.     Defendant shall certify with the EEOC, in writing, within ten (10) days of the Effective Date of this Decree that the Notices have been properly posted, including identifying the locations where the Notices have been posted.

## G.     EMPLOYMENT ANTI-DISCRIMINATION POLICIES AND PROCEDURES

31.     Within thirty (30) days of the Effective Date, Defendant shall issue a revised policy that explains, defines, and prohibits: (a) discrimination based on sex, including, but not limited to, harassment on the basis of sex; and (b) retaliation (the "Anti-Discrimination Policy"). This policy shall be drafted in plain and simple language and made available to employees in English and Spanish.  The Anti-Discrimination Policy must include the following minimum criteria:

  a.  Prohibits discrimination against employees on the basis of sex;

  b.  Prohibits any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile to employees based on sex through acts such as, but not limited to, physical or verbal abuse or derogatory comments;

  c.  Provides a definition of sexual harassment, with examples;

  d.  Prohibits retaliation against employees for opposing employment practices they believe are discriminatory or for participating in any investigation, whether internal or external, of a complaint or report of discrimination, including sexual harassment;

  e.  Provides a definition of retaliation, with examples;

  f.  Includes a complaint procedure designed to encourage employees to come forward with complaints and/or information regarding violations of Defendant's Anti-Discrimination Policy, which shall meet the following minimum criteria:

      i.  Provides multiple effective mechanisms for reporting incidents of sex discrimination, including sexual harassment, and retaliation including, but not limited to, information about the Hotline detailed in Section K below, and information about how to make a complaint—at any time—to the EEOC, New York State Division of Human Rights, and New York City Human Rights Commission;

      ii. Encourages prompt reporting, including bystander reporting, of any violations of Defendant's Anti-Discrimination Policy;

<ol type="i" start="3">
<li>Provides that complaints of sex discrimination, including sexual harassment, or retaliation can be made either in writing or verbally;</li>
<li>Includes a complaint form which an employee may, but is not required, to use;</li>
<li>Identifies, by name and title, employees to whom a complaint can be made and provides their contact information;</li>
<li>States that making complaints to the person who is allegedly perpetrating the sex discrimination, including sexual harassment, or retaliation, even if that person is a supervisor or manager, is not required under any circumstances;</li>
<li>Provides assurance that complaints shall not be subjected to retaliation;</li>
<li>States that complaints will be kept confidential to the extent practicable under the circumstances; and</li>
<li>States that any non-anonymous complaining party will be promptly informed once an investigation of sex discrimination, including sexual harassment, or retaliation has been completed about the outcome of that investigation, including any remedial actions taken.</li>
</ol>

<ol type="a" start="7">
<li>Requires the prompt investigation of complaints of sex discrimination, including sexual harassment, and retaliation;</li>
<li>Provides for the discipline, up to and including immediate discharge, of anyone who violates Defendant's Anti-Discrimination Policy; and</li>
<li>States that all supervisors and managers, of whatever rank, have a duty to report any and all observations or complaints of potential discrimination, harassment, or retaliation directly to the HR Vendor and Steven Traube and Tarik Ghadouani, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge.</li>
</ol>

32.    Within thirty (30) days of the Effective Date, Defendant shall distribute hard copies of the Anti-Discrimination Policy in English and Spanish to all of its employees by either direct distribution by hand or mail, to the employee's address of record.  Employees shall be advised that they are permitted to keep this policy and take it home with them for their own records.  Defendant shall distribute a hard copy of this policy to each subsequently hired temporary, seasonal, or permanent employee at the time of hire and shall be advised that they are permitted to keep this policy and take it home with them for their own records.

**H.     ANNUAL EXECUTIVE MESSAGE**

33.     Each year this Consent Decree is in effect, on the Effective Date anniversary, Defendant's Owner or Chief Executive Officer shall release a written or video recorded message to all employees via WhatsApp group messaging that emphasizes Defendant's commitment to ensure a safe, harassment-free workplace and encourages reporting, including bystander reporting, of any violations of Defendant's Anti-Discrimination Policy.  Nothing in this Paragraph is meant to limit what is addressed in the annual statement, but only to identify a minimum message.

**I.     HUMAN RESOURCES VENDOR**

34.     To avoid the burden and expense of hiring additional employees or diverting the work of Defendant's existing employees, the Parties have agreed that Defendant may contract with an independent third-party human resources vendor to assist it to fulfill the requirements of this Consent Decree.  Accordingly, within thirty (30) days of the Effective Date, Defendant shall propose to the EEOC an independent third-party human resources vendor with expertise in Title VII issues ("HR Vendor") as well as related state antidiscrimination law and appropriate investigation practices and techniques, and have no previous financial relationship with Defendant, its owner or any of its attorneys, employees, or agents.

35.     Defendant shall cooperate with the HR Vendor's fulfillment of its obligations under this Decree.

36.     The EEOC shall inform Defendant within fifteen (15) days of receipt of Defendant's proposed HR Vendor whether it agrees to Defendant's proposed vendor.  If the Parties, after reasonably conferring, cannot agree to an HR Vendor within forty-five (45) days of

the Effective Date, the Parties agree to each submit three proposed alternative names to the Court

for its selection of an HR Vendor.

      37.    Among other responsibilities, the HR Vendor shall work with the Defendant to

ensure its compliance with the terms of this Decree by:

    a.  Promoting Defendant's adherence to the terms of this Decree, anti-discrimination laws, and Defendant's Anti-Discrimination Policy;

    b.  Conducting the Decree Orientation Meeting described in Section J below;

    c.  Arranging for and conducting all training of employees as required by this Decree;

    d.  Ensuring that all notices and postings required by this Decree are issued and maintained as required by this Decree;

    e.  Receiving, documenting, investigating, and resolving reports, complaints, and allegations of sex discrimination, including harassment, or retaliation in violation of Title VII; ensuring that such reports, complaints, and allegations are investigated and resolved in a manner that complies with federal anti-discrimination law and this Decree and coordinating with Defendant to provide appropriate remedial relief to employees who are found to have been subjected to discrimination or retaliation;

    f.  Reviewing all reports received by the Hotline, detailed in Section K below, during the duration of this Decree and investigating and resolving such reports;

    g.  Informing Defendant of the HR Vendor's agreement or disagreement with the Defendant's proposed remedial relief described in Paragraph 42;

    h.  Working with Defendant's management to receive, document, investigate, and resolve reports, complaints, and allegations of sex discrimination, including harassment, or retaliation in violation of Title VII and assisting in the reviewing Defendant's final resolution of complaints and reports described in Paragraphs 37(e) – (f) & 39-42.

    i.  Maintaining records required by anti-discrimination laws and this Decree, and providing reports and records to EEOC as required by this Decree;

    j.  Ensuring Defendant's compliance with the reporting requirements provided for in this Decree, including ensuring that Defendant accurately reports all individuals who reported sex discrimination, including harassment, or retaliation in Defendant's workplace; and

    k.  Consulting with Defendant as necessary to provide advice about ways to achieve full compliance with this Decree and Title VII.

38.     Defendant will give its full cooperation to the HR Vendor in the performance of the HR Vendor's responsibilities under this decree, including, but not limited to, full and timely access to Defendant's officers, managers, supervisors, employees, vendors, contractors, documents, records, and electronic systems as deemed necessary by the HR Vendor in fulfillment of their duties under this Decree.

39.     Defendant and its officers, managers, and supervisors will immediately inform the HR Vendor of all complaints, allegations, or suspected incidents of sex discrimination, including harassment, or retaliation, regardless of whether in writing, reported verbally, or witnessed/observed.

40.     If Defendant receives a complaint or report described in Paragraph 37, the Defendant shall forward the complaint or report to the HR Vendor and notify the EEOC within five (5) days of receipt of said complaint or report.  Defendant shall not raise a claim of privilege regarding any information or documents that are received or created during investigations. Waiver of privilege does not apply to separate work by Defendant's litigation counsel where retained for purposes of litigation defense.

41.     Defendant shall advise all employees that they are expected to cooperate reasonably with and to make themselves reasonably available to be interviewed by the HR Vendor for purposes of permitting the HR Vendor to conduct a full investigation into any such complaint or report described in Paragraph 37.

42.      If the Defendant disagrees, in whole or in part, with the HR Vendor's proposed remedial actions associated with any complaint or report described in Paragraph 37, the HR Vendor shall first attempt to resolve the disagreement with Defendant.  If the Defendant and the HR Vendor are unable to reach a resolution of their disagreement to the satisfaction of the HR

Vendor, the HR Vendor shall report to the EEOC any such disagreement, including the specific issues of disagreement, and provide the EEOC with the HR Vendor's written report summarizing the investigation, underlying documentation associated with the investigation, and proposed conclusions and proposed remedial actions as described in Paragraph 37 & 59.  Upon review, should the EEOC believe that Defendant is not in compliance with any term of this Decree, the EEOC shall initiate the Dispute Resolution procedure set forth in Section Q, below.

**J.    DECREE ORIENTATION MEETING**

43.    Within fourteen (14) days of the Effective Date, the HR Vendor will conduct a Decree Orientation Meeting with Defendant's owners, managers, and supervisors. The Decree Orientation Meeting shall be live, with the option for managers and supervisors who are unable to attend in person for operational reasons to attend via remote means.

44.    During the Decree Orientation meeting, the HR Vendor will thoroughly detail all provisions of this Decree and will discuss or explain all changes in policy and procedures affected by this Decree.

45.    Prior to commencing the Decree Orientation Meeting, the HR Vendor will provide the EEOC with the meeting's time, date, and location.  Once the Decree Orientation meeting has concluded, the HR Vendor will certify to the EEOC that the HR Vendor has completed the Decree Orientation Meeting and provide a list of persons, with full names and job titles, in attendance.

**K.    INDEPENDENT EEO COMPLAINT HOTLINE**

46.    Within thirty (30) days of the Effective Date, Defendant shall retain the services of an independent third-party business entity to provide and operate a dedicated EEO telephone

toll-free hotline for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment, discrimination, or retaliation (the "Hotline").

47.    The Hotline may be provided by the same entity serving as the HR Vendor, if the selected vendor provides such services.  If the Hotline is provided by an entity other than the HR Vendor, the entity providing the Hotline shall have as its primary business the provision of such services and have no previous financial relationship with Defendant, its owner or any of its attorneys, employees, or agents.  Each proposed entity providing Hotline services must submit a statement of independence, under oath, confirming that they have no prior financial relationship with Defendant, its owner, or any of its attorneys, employees, or agents.

48.    Within twenty-one (21) days of the Effective Date, Defendant shall provide the EEOC with the name and business contact information of the proposed Hotline provider and the statement of independence provided by each provider.  The Hotline provider may be affiliated with the entity serving as HR Vendor.

49.    The Hotline provider shall have the authority and obligation to:

   a.  Provide a dedicated, toll-free EEO telephone hotline for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment, sex discrimination, or retaliation;

   b.  Allow complainants to identify themselves or to submit complaints anonymously;

   c.  Be available to accept complaints 24 hours per day, 7 days per week, 365 days per year;

   d.  Be available to accept complaints in English or Spanish;

   e.  Maintain detailed written records of all reports and complaints; and

   f.  Forward to the HR Vendor and Defendant's senior managers, including, but not limited to, Steven Traube and Tarik Ghadouani, copies of the written records of all reports and complaints within 24 hours of receipt of the complaint or report, for review and action by Defendant.

50.    Within forty (40) days of the Effective Date, Defendant will post notices in its locations, in a conspicuous place frequented by employees, advertising the Hotline, including the

Hotline phone number, and a statement that (a) complaints can be made anonymously; (b) the Hotline is toll-free; (c) the Hotline is operated by an independent third-party; and (d) the Hotline is available 24 hours a day, 7 days a week, 365 days a year.

## L.    TRAINING

51.    Within sixty (60) days of the Effective Date and annually thereafter, Defendant shall provide live, interactive training (not recorded) to all its employees, including a period of time for questions and answers.  Such training shall be no less than one (1) hour in duration and be provided by the HR Vendor and will be conducted in separate sessions, one in English and one in Spanish.  The training shall include:

  a.  The Annual Executive Message detailed in Section H, above;

  b.  A definition of sex discrimination, including sexual harassment, and a statement that it is against the law;

  c.  The types of conduct that are not acceptable in the workplace, including conduct that, if left unaddressed, may rise to the level of unlawful sex harassment (including realistic hypotheticals based on Defendant's workplace and/or the restaurant industry);

  d.  The consequences of engaging in unacceptable conduct in the workplace, including an explanation that corrective action will be a consequence of such conduct;

  e.  Employees' rights and responsibilities if they experience or witness harassment at work, including the ways in which they can report harassment;

  f.  Encouragement of bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe conduct or comments that could lead to a hostile work environment, and will explain how they can do so;

  g.  A definition of retaliation and statement that it is against the law;

  h.  The types of conduct that may constitute retaliation;

  i.  The consequences for engaging in retaliatory conduct;

  j.  Employees' right to be free from retaliation and responsibility to refrain from conduct that may constitute retaliation;

  k.  An explanation of Defendant's Anti-Discrimination Policy and complaint processes, including, but not limited to: (i) information about Defendant's

Hotline; (ii) that complaints can be made anonymously; (iii) complaints will be kept confidential to the extent practicable under the circumstances; (iv) how an investigation will take place; (v) that any non-anonymous complaining person will receive timely notice of the investigation's outcome and any remedial actions taken; and (vi) an assurance that any complaining person or person who provides information as part of any investigation will not be subject to retaliation; and

l.   Identification of federal, state, and local agencies responsible for enforcing anti-discrimination laws, a statement that employees can also make complaints to these agencies at any time, and contact information for each agency.

52.    Within ninety (90) days of the Effective Date and annually thereafter, Defendant shall provide live, in-person, interactive training to all its HR personnel (if any), owners, supervisors and managers, including Defendant's Executive Chef and sous chef(s), that is in addition to the training described in Paragraph 51.  Such training shall be no less than two (2) hours in duration and shall be provided by the HR Vendor or a subject-matter expert in equal employment opportunity law agreed to and approved by the EEOC.  The training shall address:

a.   Management's role in preventing sex harassment and stopping it if it occurs, including by engaging in bystander intervention;

b.   The duty of all supervisors and managers, of whatever rank, to report any and all observations or complaints of potential or alleged discrimination, harassment, or retaliation directly to the HR Vendor and Steven Traube and Tarik Ghadouani, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

c.   Hypotheticals demonstrating how and when managers are required to intervene when they witness sex discrimination, including sexual harassment, using realistic hypotheticals based on Defendant's workplace and/or the restaurant industry;

d.   Information on recognizing complaints of sex discrimination, including sexual harassment, using realistic hypotheticals based on Defendant's workplace and/or industry;

e.   How to receive complaints of sex discrimination, including sexual harassment, and retaliation;

f.   Information on recognizing retaliation, using realistic hypotheticals based on Defendant's workplace and/or the restaurant industry; and

g.   Management's role in preventing retaliation and stopping it if it occurs.

**M.    MISCELLANEOUS PROVISIONS**

53.    Defendant shall provide a neutral reference to any prospective employers requesting a reference check regarding the Charging Party solely by providing them with the Charging Party's position title and dates of employment. Any such reference requests shall be referred to and addressed by Steven Traube only.

54.    Defendant shall keep a record of any references provided to prospective employers, including the date the reference was requested, the name of the employer requesting the reference, and the date the reference was given. Defendant shall provide a copy of this record to the EEOC upon request.

**N.    REPORTING REQUIREMENTS**

55.    The EEOC may review Defendant's compliance with the provisions of this Decree. As part of its review, and upon reasonable, written notice, the EEOC may inspect Defendant's facility, interview employees, and examine and copy documents with no more frequency than once a month. At the EEOC's request, Defendant shall provide an employee list containing the job titles, names, home and email addresses, and telephone numbers as reflected on, and to the extent available in, Defendant's records, for all then-current employees within ten (10) days.  Defendant shall not interfere with the EEOC's efforts to interview employees. Defendant will also make management employees available to the EEOC for interview for the purpose of verifying compliance with this Decree.

56.    Defendant shall submit to the EEOC two Bi-annual Reports signed by the HR Vendor under the penalties of perjury as set forth in 28 U.S.C. § 1746 in this first year of this Decree.  Thereafter, the Reports shall be annual. These Reports shall certify compliance with this Decree and contain:

a. A certification of compliance with the Notice and Posting requirements described in Section D, with a photograph of the posted materials in Defendant's locations;

b. A current copy of Defendant's Anti-Discrimination Policy as described in Paragraph 31, and policy regarding the documentation of complaints and investigations described in Paragraph 31(f);

c. A list of all management or supervisory personnel with responsibility for enforcing Defendant's Anti-Discrimination Policy, including name, title, and date of hire;

d. Where conducted in the prior six (6) months, a summary of all trainings provided pursuant to Section L, including: (i) a certification that such trainings were provided; (ii) the date and location of each training; (iii) a statement indicating the manner of training, the length of the training, the name and contact information of the individual(s) providing the training, and the names and positions of all attendees; and (iv) copies of all handouts, PowerPoint or similar presentations, and any outlines utilized by presenters during the trainings;

e. A summary of all charges, complaints, or reports of sex discrimination and/or retaliation received by Defendant in the prior six (6) months that contain the information detailed in Paragraphs 31(f), 37 & 39-42;

f. The complete investigative file as described in Paragraphs 37 and 59 for all investigations concluded in the prior six (6) months.

## O.    RECORDKEEPING REQUIREMENTS

57.    Defendant agrees to maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. § 1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

58.    Defendant will retain all documents related to complaints of sex discrimination, including sexual harassment, and retaliation and any documents generated or collected in connection with any complaint related to an employee's complaint of sex discrimination, including sexual harassment, or retaliation, any investigation into any such complaint, and any resolution of such complaint.  Defendant will refrain from purging any electronic records relating to any complaint of sex discrimination, including sexual harassment, or retaliation, including records maintained on any desktop computer, cloud storage system, or other electronic database containing information relating to complaints of sex discrimination, sexual harassment, or

retaliation by any employee of Defendant for the duration of this Decree, to the extent a longer period than that provided by Defendant's document retention policies.

59.    For each complaint of sex discrimination, including sexual harassment, or retaliation (whether formal or informal), Defendant shall compile an investigative file which shall contain the following:

    a.  The name, home address, home telephone number (if applicable) and cellular telephone number, job title, and employee number of each non-anonymous complainant or potentially aggrieved individual;

    b.  All written records of all reports and complaints provided to Defendant by the Hotline operator;

    c.  The date of the charge, complaint, or report;

    d.  The date(s) on which the incident(s) allegedly occurred;

    e.  The location(s) where the incident(s) allegedly took place;

    f.  If not received through the Hotline, the name and job title of the supervisor or manager who first received the charge, complaint, or report;

    g.  The specific allegations that were made;

    h.  The name, home address, home telephone number (if applicable) and cellular telephone number, job title, and employee number of each person allegedly involved in the sex discrimination or retaliation;

    i.  The name, home address, home telephone number (if applicable) and cellular telephone number, job title, and employee number of each potential witness;

    j.  The complete substance of any statements made by each complainant, potential aggrieved individual, person allegedly involved in the discrimination or retaliation, and each witness;

    k.  A detailed description of the HR Vendor's conclusions regarding the charge, complaint, or report, and any corrective action taken by Defendant in response to the charge, complaint, report, or investigation;

    l.  The date on which the complaining person was informed that the investigation was completed and the outcome of that investigation, including any remedial actions taken; and

    m.  A description of any prior allegations of discrimination, harassment, or retaliation against the individual then alleged to have engaged in discrimination, harassment or retaliation, including (i) the name of any individual who previously made a complaint against this person; (ii) the date any such prior complaint was made, (iii) the specific allegations that were made; (iv) the outcome of the investigation

into any such prior complaint; and (v) any corrective action taken in response to any such prior complaint.

60.     Defendant shall also retain with the investigative file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all of the aforementioned records for the duration of this Decree, to the extent a longer period than that provided by Defendant's document retention policies.

61.     For the duration of this Decree, Defendant shall retain all personnel, payroll, and other documents of any character related to any person complaining of or otherwise reporting sex discrimination or retaliation, and any person who is involved (including, but not limited to, witnesses and those identified as potential perpetrators) in any charge, complaint, or report of sex discrimination or retaliation.

## P.    DECREE COMMUNICATIONS

62.     Except as otherwise provided for in this Decree, all notifications, reports, or other communications to the Parties pursuant to this Decree shall be made in writing and sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

For the EEOC:       Consent Decree Monitor
                    EEOC Legal Unit
                    33 Whitehall Street, 5th Floor
                    New York, NY 10004
                    Decreemonitor.nydo@eeoc.gov

                    and

                    Cara B. Chomski
                    Trial Attorney
                    New York District Office
                    33 Whitehall Street, 5th Floor
                    New York, NY 10004
                    cara.chomski@eeoc.gov

19

For Defendant:        Keith Gutstein
                      Kaufman Dolowich
                      135 Crossways Park Drive, Suite 201
                      Woodbury, NY 11797
                      (516) 283-8708
                      kgutstein@kaufmandolowich.com

63.    Notwithstanding this Paragraph 62, either party may change such addresses or identify a different designee by written notice to the other party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

## Q.    DISPUTE RESOLUTION

64.    In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC will notify Defendant and Defendant must make a good faith attempt to cure any breach of the Decree within fifteen (15) days of notification.

65.    Following the fifteen (15) days to cure period, if the EEOC still believes that Defendant has failed to comply with the provision(s) of the Decree identified, the EEOC shall have the right to seek Court intervention.

## R.    COSTS

66.    Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

## S.    APPLICABILITY OF DECREE TO SUCCESSORS AND ASSIGNS UPON PURCHASE, MERGER, OR CONSOLIDATION

67.    At least sixty (60) days before any change in the ownership or operation of KTG Hospitality, LLC, d/b/a Wall Street Grill or any restaurant, bar, or club at that location, or any sale of any assets associated with KTG Hospitality, LLC, or any restaurant, bar, or club at that

location, Defendants must provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential new owner, operator, or buyer.

68.     Defendant will provide written notice to the EEOC at least twenty-one (21) days any change in the owner or operator of KTG Hospitality, LLC, d/b/a Wall Street Grill or any restaurant, bar, or club at that location, or any sale of any assets associated with KTG Hospitality, LLC, or any restaurant, bar, or club at that location.  In the event of any such change or sale, the terms of this Decree will apply to the new owner, operator, or buyer to the maximum extent possible under the federal law.

## T.    THE EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

69.     The EEOC may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code ("IRC"), which allow for certain payments by employers to be deducted from the employer's taxes.  If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

70.     The Defendant's EIN is 472782790. The individual to whom the EEOC should mail a copy of the 1098-F form, if the EEOC is required to issue one, is:

     KTG Hospitality, LLC
     128 Pearl Street
     New York, New York 10005

71.     Notwithstanding this Paragraph 70, Defendant may change such addresses or identify a different designee by written notice to the EEOC setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

72.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the IRC.

73.     The provision of the 1098-F form by the EEOC does not mean that the requirements to claim a deduction under the IRC have been met.

74.     Any decision about a deduction pursuant to the IRC will be made solely by the IRS with no input from the EEOC.

75.     The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the IRC.

**FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

4/11/2025

KIMBERLY A. CRUZ
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
kimberly.cruz@eeoc.gov
Office: (929) 506-5345

CARA B. CHOMSKI
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
cara.chomski@eeoc.gov
Office: (929) 506-5275

**FOR DEFENDANT KTG HOSPITALITY, LLC:**

STEVEN TRAUBE
Founder
KTG Hospitality, LLC
128 Pearl Street
New York, New York 10005

**COUNSEL FOR DEFENDANT KTG HOSPITALITY, LLC (as to form only)**

KEITH GUTSTEIN
Kaufman Dolowich
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
(516) 283-8708
kgutstein@kaufmandolowich.com

**SO ORDERED, ADJUDGED, AND DECREED:**

Dated: April 14, 2025 _____        Hon. _____

HON. JENNIFER L. ROCHON
U.S. District Court Judge

**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
New York Direct Dial:  (929) 506-5270
FAX (212) 336-3625
Website:  www.eeoc.gov

## NOTICE OF LAWSUIT AND SETTLEMENT

This notice to all employees of KTG Hospitality, LLC ("Wall Street Grill") is being posted pursuant to a Consent Decree resolving a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against it in federal court in New York.

In its lawsuit, the EEOC alleged that Wall Street Grill violated federal law by subjecting an employee to sexual harassment in its workplace (S.D.N.Y. Case No. 1:24-cv-7376).  Wall Street Grill denied the allegations and averred there were no violations of law.

Wall Street Grill entered into a settlement, which requires it to post this notice and makes certain other changes.

Under federal law, your employer cannot discriminate against you because of your:

- Race
- Color
- Religion
- Sex (including pregnancy, sexual orientation, and sexual harassment)
- National Origin

- Age (40 and over)
- Disability
- Need for Pregnancy Accommodations
- Genetic Information

Federal law specifically prohibits sexual harassment, whether by co-workers, supervisors, or management. Your employer cannot treat you differently in hiring, promotion, pay, firing, required accommodations, or other conditions or privileges of your employment because of sex. Your employer also cannot retaliate against you because you complained of discrimination, opposed discrimination in the workplace, filed a charge of discrimination, or testified in or helped with an investigation or lawsuit regarding discrimination—including sexual harassment.

Wall Street Grill will comply with these laws.  Wall Street Grill will not tolerate any form of illegal discrimination in the workplace, including sexual harassment. Wall Street Grill will not take action against an employee because they complain about discrimination or harassment. Employees who make these complaints are protected by law. Wall Street Grill requires that all employees comply with these laws—including managers.

Wall Street Grill has created an anonymous hotline for reporting discrimination in the workplace. If you see or experience discrimination or harassment, call:

<mark>[HOTLINE NUMBER]</mark>

If you have any complaints or questions regarding employment discrimination, contact the EEOC at:

(800) 669-4000
U.S. Equal Employment Opportunity Commission
New York District Office
Website: www.eeoc.gov



Date posted: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for three (3) years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.